Chancery.

# Mercer Board of Internal Improvement *vs* J. & N. Dougherty.

### Error to the Fayette Circuit.

*Case* 119.

*May* 17.

*Turnpike Roads. Estimates of Superintendents.*

Judge Marshall delivered the opinion of the Court.

After the inspection and estimates of the Superintendent and his certificate of the performance of contract by the undertakers, and the road received, the power of the Superintendent is completed and no new award or estimate can affect the rights of the parties.

The Superintendent of the road having, on the first of January, 1840, given to the Doughertys a certificate of final estimate of the entire work undertaken by them, crediting them with the entire contract price for the whole, charging them with payments made, and showing how much stock they were entitled to, and how much money, according to the terms of the contract, and that certificate having same day been approved by the President of the Board, who more than a month afterwards also recognized their title to the whole amount of the stock mentioned in the estimate, and the travel having been let on that part of the road on the 9th of January, 1840, it would seem to be unquestionable that the road was regarded by all parties as being completed; that the estimate was intended to be, as it purports to be, evidence of that fact—and under that estimate, approved as it was by the Presi-

dent, the Doughertys had, under the contract, a right to receive the balance therein appearing, immediately and without further act on the part of the Superintendent.

This being the case, we are of opinion, that this final estimate was the last judgment which the Superintendent was, by the terms of the contract, authorized to give; that the absolute authority vested in him to direct alterations, repairs and reconstructions, and to determine finally upon the existence and value of deficiencies, and of the entire subordination of the contractors to his will and judgment, all provided for, and probably essential during the progress of the work, are terminated by final estimate or certificate showing, as this one does, that in his opinion the work has been completed according to contract. After this act, his future opinions are no longer the decisions of a judge, chosen by the parties, but the mere opinions of a well informed witness, the weight of which is diminished by being in opposition to his own final estimate, presumptively made after a minute inspection of the work as it proceeded, and an examination satisfactory to himself, to ascertain its completion according to contract; and the Board itself, having no more right to withhold payment from a contractor who has completed his work to the satisfaction of the Superintendent, than a private individual has to refuse payment of a just debt, cannot itself go behind the acts of its officer, evidencing the satisfactory completion of the road, and its actual adoption for its intended use : but upon proof, not only of actual deficiency in the construction, but of such fraud on the part of the contractors as prevented the Superintendent from discovering the defect, by the use of such vigilance as belongs to his office. His judgment, which is intended to be peremptory and final as against the contractor, cannot, and especially when approved by the President, be unobligatory upon the Board. The high powers of decision and control, and important duties of diligent inspection and constant supervision, which by the terms of the contract belong to the Superintendent, though provided mainly for the security of the Board, may not the less be relied on by the

MERCER BOARD
OF INT. IMP.
*vs*
DOUGHERTY.

contractor.   His neglect to exercise his powers with prop-er discretion, or to perform his duties with proper dili-gence, whereby he may have given a final certificate with-out due knowledge or examination, lays no basis either for extending his power as a judge, or for securing confi-dence to his opinions as a *witness*, as *to* facts, which if they existed, he should have known during the progress of the work, and the existence of which he afterwards infers from the condition of the road long after it has been received and used.

The award or decision of the Superintendent, made in May, 1840, after the road had been in use from the 9th of January, which determines that there was a deficiency, and in effect, a fraud in the manner of covering the road with stone, and adjudges more than $400 as proper damages or deduction therefor, and which, besides the objections already noticed, was founded on an *ex parte* examination, was not upon the principles above stated, an authorized judgment or award, and is entitled to no weight whatever, even as evidence either of fraud or deficiency, or of the value thereof; and upon considera-tion of the damp and swampy nature of the ground over which the road was constructed—the season of the year when the grading was finished, and the stone put upon it, and the road opened for travel, and the short space of time within which all these thinge were done, (the contract having been made the 23d of April, 1839,) and the consequences of all these facts, as proved by ex-perienced engineers, we are not satisfied that the in-dications presented by the road, after the breaking up of winter, or any examinations proved to have been actually made by the Superintendent or others, furnish evidence either of the fraud or deficiency alledged, or of the ex-tent of the deficiency if it existed, sufficient to counter-balance the effect of the final estimate of the Superin-tendent, and the direct testimony of those witnesses who had frequent, and some of them daily, and even hourly opportunities of seeing the work as it progressed.

We are of opinion, therefore, that the Board have not made out sufficient ground for resisting the payment of the

· balance, calculated on the basis of the final estimate of the Superintendent, and consequently the decree is affirmed.

*Robinson & Johnson* for plaintiffs: *Woolley & Mc. Calla* for defendants.